### APPEAL OF PAUL P. PRUDDEN, ARTHUR J. SPENCER, H. L. HUTCHINSON, COPARTNERS OF PRUDDEN & CO.

Docket No. 1447.   Submitted April 3, 1925.   Decided June 10, 1925.

> Under the provisions of section 214 (a) (2) of the Revenue Acts of 1918 and 1921, dealers in municipal bonds are not entitled to deduct interest on indebtedness incurred in the course of their business to purchase or carry bonds, the interest upon which is wholly exempt from taxation.

*George R. Davis*, Esq., for the taxpayers.
*Laurence Graves*, Esq., for the Commissioner.

Before GRAUPNER, LANSDON, and LITTLETON.

This is an appeal from a determination by the Commissioner of a deficiency in respect to income taxes due by the three individuals herein named for the years 1919 to 1921, inclusive, in the total amounts of $13,782.47, $1,840.28, and $594.45, respectively, resulting from the refusal of the Commissioner to permit the taxpayers to deduct for these years certain interest on indebtedness incurred to purchase or carry obligations or securities, the interest upon which was wholly exempt from taxation.

## FINDINGS OF FACT.

1. The taxpayers, Paul P. Prudden, Arthur J. Spencer, and H. L. Hutchinson (with Alice R. Prudden, not a party to this appeal), were copartners, doing business under the firm name of Prudden & Co., at Toledo, Ohio. During the years 1919, 1920, and 1921, they were engaged in the business of buying and selling bonds and securities, principally municipal bonds. Their practice was to purchase the bonds outright and sell them at a favorable time for profit. Between the dates of purchase and sale of these bonds, owing to insufficient capital, it was necessary to borrow money to finance the transactions. In certain instances it was necessary to borrow funds in order to carry a balance sufficient to pay interest on the principal of the bonds to the purchasers prior to the actual receipt of the interest from the municipalities. All interest paid in carrying on the business, except that incurred to purchase or carry municipal bonds, was allowed as a deduction by the Commissioner.

In addition to the interest paid the banks, the partners credited to themselves 6 per cent on their personal capital account which, on December 31, 1918, was as follows: Prudden, $67,500; Spencer, $20,000; Hutchinson, $12,500. To this they added in subsequent years one-half of the net profit, which was retained as capital. The interest of each partner in the firm was in proportion to the balance of his or her capital account.

2. The amount of interest paid, in each of the years involved, to purchase or carry municipal bonds, and disallowed by the Commissioner, is not in dispute. The amount of interest paid to purchase and carry municipal securities exceeded the amount of interest received therefrom.

## DECISION.

The determination of the Commissioner is approved.

## OPINION.

LITTLETON: The question presented in this appeal is whether taxpayers are entitled to deduct interest on indebtedness the amount of which is admitted to have been incurred or continued to purchase or carry obligations or securities, the interest upon which is wholly exempt from taxation.

Section 214 (a) (2) of the Revenue Acts of 1918 and 1921 provides:

(a) That in computing net income there shall be allowed as deductions:
* * *

(2) All interest paid or accrued within the taxable year on indebtedness, *except on indebtedness incurred or continued to purchase or carry obligations or securities* * * * the interest upon which is wholly exempt from taxation under this title * * *. (Italics ours.)

The taxpayers are engaged in the business of buying and selling tax-exempt bonds and securities; their business as dealers in securities necessitated the borrowing, during the years involved, of large sums of money, the interest upon which exceeded that received from such bonds. The taxpayers point out that the character of their business is such that the tax-exempt bonds constitute their stock in trade, similar to the merchandise of a merchant; that the interest paid on loans to carry this stock is a business expense which should be deducted in the same way as is allowed to the merchant; and that, by disallowing such deductions, a tax is indirectly assessed upon tax-exempt securities.

The provisions of the statute specifically except deduction of interest paid or accrued "on indebtedness incurred or continued to purchase or carry obligations or securities * * * the interest upon which is wholly exempt from taxation." There is no occasion in this appeal for the application of the rules of statutory construction. The language of the statute is clear and makes no exception. If Congress had intended to except dealers in this class of securities it would have so provided. It is obviously the duty of the Board to follow the statute.

The taxpayer further contends that the denial to dealers in municipal bonds of the right to deduct interest incurred to purchase or carry these bonds operates as a tax upon the interest derived therefrom, and that the statute, if so applied, is unconstitutional. The effect, if any, upon the municipalities whose bonds are handled is too remote or indirect to deserve serious consideration. It is plain from the provision of the section in question that interest paid or incurred to purchase or carry tax-exempt securities may not be deducted in determining net income, and the action of the Commissioner in refusing to allow the deduction thereof is approved.